### ÉDWARD L. DAY *vs.* INHABITANTS OF OTIS.

Selectmen of a town have no authority to bind the town by an offer of a reward for the ap-prehension and conviction of a person who has not been charged with a crime by a com-plaint or indictment.

CONTRACT upon an offer of a reward of $500, made on the 15th of September 1862, in the name of the defendants, by their selectmen, "for the apprehension and conviction of the person or persons who murdered Emily L. Jones, George A. Jones and Sarah E. Jones," at a time named.

It was agreed that on the 1st of October 1862 the plaintiff caused a complaint to be made before a magistrate against James Callender, for the murder of the persons named, who was thereupon arrested, and was afterwards tried, convicted and hung for the murder of Emily L. Jones; and that all three of the persons named were murdered at the same time, either by Callender alone, or by him with others. Certain other facts were agreed to, respecting the participation of the plaintiff in the proceedings, which are now immaterial.

Judgment was ordered in the superior court for the plaintiff, and the defendants appealed to this court.

*H. W. Bishop,* ( *G. J. Tucker* with him,) for the defendants.

*M. Wilcox,* for the plaintiff.

BIGELOW, C. J.   The defendants cannot be held liable in this action, unless the selectmen were authorized by law to make an offer of reward like that set out in the plaintiff's declaration.

and thereby to bind the defendants. It is clear that such au-
thority is not included within the ordinary powers and duties
of selectmen of towns. If it exists at all, it must be by force
of some special statute, which expressly confers it. The only
enactment on the subject is to be found in Gen. Sts. *c.* 170, § 7.
It is therefore on the construction of this provision that the de-
cision of the present case depends.

The language of the statute is clear and explicit. It gives to
selectmen authority to offer a suitable reward, to be paid by the
town " to any person who in consequence of such offer secures
any person charged with a capital crime or other high crime
or misdemeanor committed in such place." Construing this
clause according to the natural import of the words used, as
well as with reference to the connection in which it stands with
other provisions, and the obvious purpose which the statute was
intended to accomplish, we think it embraces only cases where
there has been a charge of crime duly made by a complaint be-
fore a magistrate or indictment by the grand jury, and the per-
son so charged eludes arrest, so that he cannot be apprehended
on a warrant by the use of ordinary vigilance and care. Such
is the import of the phrase " charged with crime," as it is usually
used and understood. It means something more than suspected
or accused of crime by popular opinion or rumor, and implies
that the offence has been alleged against a party according to the
forms of law. Such is the sense in which it is manifestly used in
other provisions of the statutes of this commonwealth. For ex-
ample, in the same chapter of the General Statutes in which the
section already cited is contained, § 9, judges of courts and jus-
tices of the peace are authorized to issue warrants for the appre-
hension of persons " charged with offences." So in § 11 of the
same chapter, an officer to whom a warrant is issued is authorized
to pursue into any county and apprehend the party " charged " ;
and in the following section it is provided that in certain cases a
person against whom an offence is " charged in a warrant " may
be admitted to bail. Many other instances of a like use of the
word or phrase might be cited, in all of which the issue of legal
process is clearly implied. That it was not intended to have a

different meaning in the section under consideration is clearly indicated by the fact that the offer of reward therein authorized is in terms confined to those who may "secure" the person "charged" with offences. This manifestly implies that it was intended to apply only in cases where legal process had been previously issued, by which a person might be lawfully arrested. And in this connection it is material to notice that the provision is applicable not only to felons who may be arrested without warrant, but also to those who have been guilty of misdemeanors, for whose arrest a warrant is necessary.

This view of the true interpretation of this provision is greatly aided by the language of the section immediately preceding it, which authorizes the governor of the Commonwealth to offer rewards in certain cases. His authority is expressly limited to the offer of rewards to those who may apprehend, bring back and secure "any person convicted of or charged with" certain offences, who has escaped from prison in the state, or who may apprehend and secure a person charged with such offences, when he cannot be arrested and secured in the common course of proceeding. These provisions clearly apply only to cases where persons have been duly charged on legal process, and have escaped from actual custody thereon, or have avoided arrest. No others could escape from prison or elude arrest in the usual course of proceeding. Not only is it reasonable to infer that similar words and phrases are used in a like sense in enactments relating to the same subject matter and standing in immediate connection with each other, but it would be unreasonable to suppose that it was the intention of the legislature to vest in the selectmen a more extensive authority in relation to the arrest of offenders for crimes committed within the limits of their respective towns than was conferred on the governor over the same subject matter, with reference to criminals within the limits of the Commonwealth.

Looking only at the policy of these provisions of the statutes, it seems to us to be a reasonable and just limitation on the power of public officers to offer rewards for the apprehension of offenders, that it should be confined to cases where there has

been a charge of crime made against a person in due form of law. A bounty offered for the detection of criminals, or the apprehension of persons on suspicion only, might lead to unwarrantable arrests, and be used by evil disposed persons for unjust purposes. Certainly it could serve no useful purpose to offer rewards for the apprehension of persons who were not eluding arrest, and who could be secured, by the use of ordinary means, to answer for any offences which might be charged against them.

This view of the interpretation of the statute is decisive against the right of the plaintiff to recover in this action. The offer of reward set out in the declaration was not such as the selectmen of the town had authority to issue; nor did the plaintiff render any service which would entitle him to receive a reward, if one had been duly offered.

*Judgment for the defendants.*